# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL D. MOON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0836**  (BOR Appeal No. 2045077)
                  (Claim No. 2007006135)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**GUYAN GOLF AND COUNTRY CLUB,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael D. Moon, by Maria Goldcamp[1], his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Guyan Golf and Country Club, by Nathanial Kuratomi, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 27, 2011, in which the Board affirmed a September 14, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 18, 2009, November 16, 2009, and December 17, 2009, Orders denying authorization for a spinal cord stimulator, and denying a request to add lumbar radiculopathy, lumbar spondylosis, thoracic discopathy, thoracic spondylosis, and myofascial pain syndrome as compensable components. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1] On August 30, 2011, this Court was notified that Michael Davenport is currently representing Micheal D. Moon.

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moon was working as a maintenance engineer for Guyan Golf and Country Club when he injured his back on February 20, 2007. On March 7, 2007, the claims administrator held the claim compensable for a thoracic sprain/strain and lumbar sprain/strain. On August 18, 2009, the claims administrator denied a request to authorize a spinal cord stimulator. The claims administrator denied a request to add lumbar radiculopathy, lumbar spondylosis, thoracic discopathy, thoracic spondylosis, and myofascial pain syndrome as compensable conditions on November 16, 2009. The claims administrator again denied a request for a spinal cord stimulator on December 17, 2009.

The Office of Judges held that the preponderance of the evidence did not establish that a spinal cord stimulator was medically necessary and reasonably required medical treatment for the compensable injury. The Office of Judges also held that lumbar radiculopathy, lumbar spondylosis, thoracic discopathy, thoracic spondylosis, and myofascial pain syndrome are not the result of the compensable injury. Mr. Moon disputes these findings and asserts that the evidence establishes that he is entitled to the requested additional compensable components and medical benefits.

In affirming the claims administrator's Orders, the Office of Judges noted that Mr. Moon has a well-documented history of degenerative disc disease and spondylosis. It also noted that the requesting physician did not evaluate Mr. Moon until two and a half years after the compensable injury. The Office of Judges further noted that Mr. Moon had been at maximum medical improvement according to Dr. Scott since 2007. The Office of Judges concluded that the claims administrator was correct in denying the requested medical benefits and additional compensable components. The Board of Review reached the same reasoned conclusions in decision of April 27, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 8, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum